Filed 1/6/21  P. v. Jefferson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER DEPREE JEFFERSON,<br><br>Defendant and Appellant. | C088576<br><br>(Super. Ct. No. 16NCR11418)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the nonpublished opinion filed herein on December 8, 2020, be modified as follows:

At page 1, modify the last sentence in the first paragraph to read as follows:

> After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment.

There is no change in the judgment.

1

BY THE COURT:

/S/

_____

RAYE, P. J.

/S/

_____

DUARTE, J.

/S/

_____

RENNER, J.

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C088576 |
| Plaintiff and Respondent, | (Super. Ct. No. 16NCR11418) |
| v. | |
| ALEXANDER DEPREE JEFFERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alexander Depree Jefferson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment as modified.

1

# I. BACKGROUND

In September 2016, defendant was charged with the kidnapping of S.S., the mother of his child (Pen. Code, § 207, subd. (a)—count 1),[1] three counts of assault with a deadly weapon on S.S., L.H., and A.B. (§ 245, subd. (a)(1)—counts 2-4, respectively), corporal injury on a spouse or cohabitant on S.S. (§ 273.5, subd. (a)—count 5), battery causing serious bodily injury on S.S. (§ 243, subd. (d)—count 6), two counts of criminal threats against S.S. and A.B. (§ 422, subd. (a)—counts 7-8, respectively), dissuading a witness (A.B.) (§ 136.1, subd. (b)(1)—count 9), and unlawful use of force against A.B. (§ 242—count 10). For several offenses, it was alleged that defendant personally inflicted great bodily injury (§ 12022.7, subds. (a), (e)—counts 1-3, & 7), and personally used a deadly weapon, an ice pick (§ 12022, subd. (b)(1)—counts 1, 5-9). It was further alleged that defendant had a prior serious felony conviction (§§ 667, subds., (c) & (e)(1), 1170.12), and had served two prior prison terms (§ 667.5, subd. (b)). Defendant pled not guilty and denied the allegations and enhancements.

On September 14, 2016, defense counsel declared a doubt as to defendant's competency, and the trial court suspended criminal proceedings under section 1368. Three months later, in December 2016, the trial court found defendant mentally incompetent under section 1368 and committed him to the Department of State Hospitals until his mental competency was restored. After a competency hearing in August 2017, the trial court found defendant had regained his competency and reinstated criminal proceedings.

In August 2018, defendant pled guilty to count 6 (battery resulting in serious bodily injury on S.S.) and count 8 (criminal threats against A.B.), admitted that he personally used a deadly weapon during the criminal threats offense, and admitted that he

---

[1] Further undesignated statutory references are to the Penal Code.

2

had a prior strike conviction in exchange for a negotiated term of 10 years four months in state prison and dismissal of the remaining charges and enhancements.[2]

Pursuant to the plea agreement, the parties stipulated that the police report could serve as the factual basis for the plea. According to the police report, defendant assaulted the mother of his children (S.S.), threatened to kill her, physically assaulted and threatened A.B., who came over to check on S.S., and stabbed A.B.'s boyfriend with an ice pick multiple times.

From the minute order and abstract of judgment, it appears that in October 2018, the trial court sentenced defendant to the stipulated 10 year four month prison term, consisting of the upper term of four years (doubled to eight years for the strike prior) on the battery offense, plus eight months (doubled to one year four months) for the criminal threat offense, and one year for the great bodily injury enhancement.[3] The court imposed a $6,000 restitution fine (§ 1202.4) and a $6,000 parole revocation restitution fine, which was suspended unless parole was revoked (§ 1202.45). The court awarded defendant 778 days of custody credit and 778 days of conduct credit for a total of 1556 days of presentence credit. Defendant timely appealed without a certificate of probable cause.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30

---

[2] At the conclusion of the plea hearing, the court dismissed the remaining counts according to the terms of the plea deal.

[3] The reporter who transcribed the sentencing hearing suffered a major medical emergency and was unable to transcribe the hearing. The trial court does not have her notes, and she cannot be reached. The trial court, therefore, cannot produce a transcript of the sentencing hearing.

days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

RAYE, P. J.

/S/

DUARTE, J.